UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

DANIEL DEAN GILLAM,                :
                                   :
       Petitioner                  :
                                   :
    v.                             :   CIVIL NO. 3:CV-04-2754
                                   :
HARRY E. WILSON,                   :   (Judge Conaboy)
                                   :
       Respondent                  :
_____

**MEMORANDUM AND ORDER**
**Background**

Daniel Dean Gillam, an inmate presently confined at the State Correctional Institution, Cresson, Pennsylvania (SCI-Cresson), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Cresson Superintendent Harry E. Wilson. Service of the petition was previously ordered.

Petitioner states that he pled guilty to charges of third degree murder and aggravated assault in the Juniata County Court of Common Pleas.[1] He was sentenced to a twenty (20) to forty (40) year term of imprisonment on June 16, 1995. His conviction and sentence were affirmed following a direct appeal to the Pennsylvania Superior Court. See Commonwealth v. Gillam, 685

---

[1] On August 26, 1994, the Petitioner shot out the windows of his estranged wife's car as she was driving down the road. Approximately two hours later, Gillam, after obtaining a shotgun, went to his wife's parents' residence where he shot his father-in-law in the head and killed him.

1

A.2d 208 (Pa. Super 1996)(Table).

On January 15, 1997, Gillam initiated a pro se action pursuant to Pennsylvania's Post Conviction Relief Act (PCRA). See Commonwealth v. Gillam, 2003 WL 2371781 *3 (Pa. Super. Oct 23, 2003)(Brief for Appellant). After a lengthy delay associated with Petitioner's requests for appointment of counsel to proceed in forma pauperis, the trial court denied the PCRA petition on April 24, 2003. An appeal to the Superior Court was denied by Order dated September 3, 2004. See Commonwealth v. Gillam, 863 A.2d 1222 (Pa. Super 2004)(Table). A petition for allowance of appeal to the Pennsylvania Supreme Court was denied on January 26, 2005. See Commonwealth v. Gillam, 868 A.2d 1198 (Pa. 2005)(Table). On December 20, 2004, prior to the Pennsylvania Supreme Court's issuance of its PCRA decision, Gillam filed his present § 2254 action with this Court.

Petitioner argues that he is entitled to federal habeas corpus relief on the grounds that his conviction was obtained via an involuntary and unlawfully induced guilty plea which was due to ineffective assistance of counsel.[2] His petition also contends that the trial court erred by accepting his guilty plea. The Respondent has submitted a motion (Doc. 15) seeking dismissal of the petition on the basis that Gillam's claims are

---

[2] In a supporting memorandum, Petitioner claims that counsel's performance was deficient because he failed to: file a motion to suppress illegally obtained evidence; assert a diminished capacity defense; and present favorable forensic evidence. Furthermore, Petitioner asserts that counsel induced him into entering a guilty plea by not taking the above described actions.

2

procedurally defaulted.[3]

## Discussion

Respondent states that Petitioner's direct appeal challenged "only the discretionary aspects of his sentence" and was not reviewed by the Pennsylvania Supreme Court.  Doc. 16, p. 2.  The Respondent adds that Gillam's Superior Court appeal of his PCRA action asserted only that the trial court erred in accepting his guilty plea.  According to the Respondent, the Superior Court did not address the merits of said claim rather it concluded that Gillam's argument was waived because he failed to raise the argument on direct appeal.  Consequently, Respondent concludes that Petitioner's present action should be dismissed for failure to exhaust state remedies.

Gillam argues that each of his present claims "factor's [sic] off from a Constitutional Violation of Petitioner's Rights, that of being innocence of the Criminal Offenses of either First or Third Degree Murder, and as to the Ineffectiveness of Counsel, which is Sixth Amendment Violations [sic]."  Doc. 23, p. 5. Petitioner adds that he instructed his PCRA counsel to withdraw his petition for allowance of appeal to the Pennsylvania Supreme Court, so that he could initiate his pending § 2254 action.  Id.

28 U.S.C. § 2254(b)(1) provides that "[a]n application for

---

[3] By Order dated April 25, 2005, Respondent's motion (Doc. 17) to defer its responsibility of addressing the merits of Gillam's petition pending disposition of the motion to dismiss was granted.

3

a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that ... the applicant has exhausted the remedies available in the courts of the State."  To exhaust one's claims, they may be presented to the state courts <u>directly on appeal</u> from the judgment of conviction and sentence or through a <u>collateral proceeding</u>, such as a PCRA petition.  It is not necessary, however, to present federal claims to state courts <u>both</u> on direct appeal and in a PCRA proceeding.  <u>Evans</u>, 959 F.2d at 1230-31; <u>Swanger v. Zimmerman</u>, 750 F.2d 291, 295 (3d Cir. 1984).

Under 28 U.S.C. § 2254(c), such a petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  In <u>O'Sullivan v. Boerckel</u>, 526 U.S. 838 (1999), the Supreme Court held that while exhaustion does not demand that state prisoners "invoke extraordinary remedies," "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." <u>Id</u>. at 844-45.

Respondent contends that none of Petitioner's present habeas claims were asserted in his direct appeal.  According to the Respondent, Gillam's PCRA appeal included only his present claim that the trial court erred in accepting the guilty plea.  However, the Respondent contradictorily admits that the Superior

4

Court also addressed Petitioner's "bare assertion that his counsel ineffectively advised him to plead guilty." Doc. 16, p. 3.

Gillam acknowledges that in his direct appeal "trial counsel challenged the discretionary aspects of the sentence." Doc. 23, p. 3. Petitioner further admits that his PCRA appeal raised the single claim that the trial court erred in accepting his guilty plea because Gillam's plea colloquy testimony maintained that the shooting was accidental. See id. Based on his own admissions, it is apparent that Petitioner's present claims that trial counsel improperly induced him into entering a guilty plea and provided ineffective assistance, are unexhausted.

It is undisputed that none of Gillam's federal habeas claims were asserted in his direct appeal. Petitioner's PCRA action consisted of a claim that the trial court erred by accepting the guilty plea because Gillam's plea colloquy testimony asserted a defense that the shooting was accidental. The Superior Court in denying PCRA relief, noted that Petitioner did not file a motion to withdraw his guilty plea and did not raise his claim of trial court error on direct appeal. See Doc. 13, Exhibit E, p. 5. Consequently, the Superior Court concluded that the claim of trial court error had been waived and was subject to dismissal on that basis. See id. The Superior Court elaborated that Petitioner's guilty plea was valid. The Superior Court's decision also noted that Gillam made a bare

5

assertion that trial counsel ineffectively advised him to enter a guilty plea. However, said argument was not "adequately developed" and thus subject to dismissal. Id.

Based on this Court's review of the Superior Court's PCRA decision, it is clear that said court concluded that Gillam's claim of trial court error for accepting his guilty plea had been waived and was subject to dismissal on that basis. However, the Superior Court also addressed the merits of Petitioner's trial error argument. In light of that undertaking by the Superior Court, this Court finds that dismissal of said claim on the grounds of non-exhaustion is inappropriate. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995)(exhaustion is satisfied if the substance of the petitioner's claims have been addressed by the state courts).[4]

It is clear that the Petitioner's present claims that his defense counsel failed to file a motion to suppress illegally obtained evidence, assert a diminished capacity defense, and present favorable forensic evidence were not included in either Gillam's direct appeal or PCRA action. Consequently, those claims are clearly unexhausted. The Petitioner's present action also asserts that he was induced to enter a guilty plea due to

---

[4] It is no longer necessary for a petitioner to seek review from the Pennsylvania Supreme Court in order to satisfy the exhaustion of state remedies requirement. See Lambert v. Blackwell, 387 F.3d 210, 233 (3d Cir. 2004); Mattis v. Vaughn, 128 F. Supp.2d 249, 261 (E.D. Pa. 2001).

6

counsel's above described omissions,[5] this claim substantially differs from the bare assertion of ineffective assistance considered by the Superior Court and is likewise unexhausted.

Exceptions to the exhaustion requirement are made when: (1) the state corrective process is so deficient as to render any effort to obtain relief futile, 28 U.S.C. § 2254(b); (2) acts of state officials have, in effect, made state remedies unavailable to the petitioner, Mayberry v. Petsock, 821 F.2d 179, 184 (3d Cir. 1987); or (3) "inordinate delay" in state proceedings has rendered state remedies ineffective. Story v. Kindt, 26 F.3d 402, 405 (3d Cir. 1994); Schandelmeier v. Cunningham, 819 F.2d 52, 55 (3d Cir. 1986).

Gillam has not shown that any of the three recognized exceptions to the exhaustion requirement exists in his case. On the contrary, the undisputed facts establish that the Petitioner has had adequate opportunities to assert his present ineffective assistance related claims, specifically, his direct appeal and subsequent PCRA petition. More importantly, a review of the undisputed documents relating to Petitioner's direct appeal and PCRA action which have been submitted for consideration by the parties establishes that Gillam's present ineffective assistance claims were not addressed on their merits by the Pennsylvania state appellate courts.

In light of the amount of time which has elapsed since

---

[5] See Doc. 2, p. ii(B)&(C).

Gillam's conviction became final, it does not appear that he has any remaining available state court remedies. See Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000). Any additional remedy which may have been available to Gillam under the PCRA is most likely time barred. See Pa. C.S.A. § 9545.

When state court review of an unexhausted claim is foreclosed under state law, exhaustion is excused on the ground of futility. See, e.g., Lines 208 F.3d at 160; Toulson v. Beyer, 987 F.2d 984, 987-88 (3d Cir. 1993). Such a claim is deemed to be procedurally defaulted, not unexhausted, and may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default. Procedural default may be excused if a petitioner can show "cause" and "prejudice" or that a "fundamental miscarriage of justice" would result.[6] Edwards v. Carpenter, 529 U.S. 446, 451 (2000).

Gillam has failed to establish cause for the procedural default of his ineffective assistance related arguments and resulting prejudice or that failure to entertain those claims will result in a fundamental miscarriage of justice. Consequently, Gillam's claims that trial counsel unlawfully induced a guilty plea and failed to: file a motion to suppress evidence, assert a diminished capacity defense, present favorable forensic evidence will be dismissed. See Lines, 208

---

[6] In order to set forth a viable fundamental miscarriage of justice argument, a petitioner must present new reliable evidence which supports a claim of actual innocence. Schlup v. Delo, 513 U.S. 298, 317 (1995).

8

F.3d at 16.

With respect to the Petitioner's remaining exhausted claim, since this petition contains unexhausted claims it is a mixed petition which is subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522 (1982); Dreher v. Pinchak, 61 Fed. Appx. 800, 806 (3d Cir. 2003).  However, since the limitations period for submission of a federal habeas corpus petition could expire before Gillam is able to file another habeas petition, the Court will grant Petitioner twenty (20) days from the date of this Order in which to file an amended petition containing only his exhausted claim of trial court error.  See Thomas v. Carroll, 2004 WL 758344 *7 (D. Del. Jan. 30, 2004).  If Gillam fails to timely file an amended petition, this matter will be dismissed without prejudice.  An appropriate Order will enter.

AND NOW, THEREFORE, THIS 17th DAY OF NOVEMBER, 2005, IT IS HEREBY ORDERED THAT:

> 1. Respondent's motion (Doc. 15) seeking dismissal of the petition is granted in part.
> 2. Petitioner's procedurally defaulted claims of ineffective assistance of counsel are dismissed without prejudice.
> 3. Within twenty (20) days of the date of this Order, Petitioner may file an amended petition regarding his sole exhausted claim

        that the trial court erred in accepting his guilty plea.

4. Failure of Petitioner to timely submit an amended petition will result in dismissal of this action without prejudice.

        <u>S/Richard P. Conaboy</u>
        RICHARD P. CONABOY
        United States District