UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DANIEL DEAN GILLAM, | : |
| Petitioner | : |
| v. | : CIVIL NO. 3:CV-04-2754 |
| HARRY E. WILSON, | : (Judge Conaboy) |
| Respondent | : |

_____

**ORDER**
**Background**

Daniel Dean Gillam, an inmate presently confined at the State Correctional Institution, Cresson, Pennsylvania (SCI-Cresson), filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Named as Respondent is SCI-Cresson Superintendent Harry E. Wilson.

Petitioner pled guilty to charges of third degree murder and aggravated assault in the Juniata County Court of Common Pleas.[1] He was sentenced to a twenty (20) to forty (40) year term of imprisonment on June 16, 1995. Gilliam's present action claimed entitlement to federal habeas corpus relief on the grounds that his conviction was obtained via an involuntary and unlawfully induced guilty plea which was due to ineffective

---

[1] On August 26, 1994, the Petitioner shot out the windows of his estranged wife's car as she was driving down the road. Approximately two hours later, Gillam, after obtaining a shotgun, went to his wife's parents' residence where he shot his father-in-law in the head and killed him.

1

assistance of counsel.[2]  His petition also contends that the trial court erred by accepting his guilty plea.  Following service of the petition, the Respondent filed a motion asserting that Gilliam's action should be dismissed for failure to exhaust state remedies.

By Memorandum and Order dated November 17, 2005, the Respondent's request was granted in part.  Specifically, Petitioner's procedurally defaulted claims that trial counsel unlawfully induced a guilty plea and failed to: file a motion to suppress evidence, assert a diminished capacity defense, and present favorable forensic evidence were dismissed.  Furthermore, Petitioner was granted twenty (20) days from the date of the Order in which to file an amended petition containing only his sole exhausted claim that the trial court erred in accepting his guilty plea.  Gilliam was forewarned that if he failed to timely file an amended petition, the remainder of his action would be dismissed without prejudice.

The deadline has passed and Gillam has neither filed an amended petition nor sought an enlargement of time in which to do so.  Consequently, in light of Petitioner's failure to comply with the Court's November 17, 2004 Memorandum and Order, his case is hereby dismissed without prejudice.  An appropriate

---

[2]  In a supporting memorandum, Petitioner claims that counsel's performance was deficient because he failed to: file a motion to suppress illegally obtained evidence; assert a diminished capacity defense; and present favorable forensic evidence. Furthermore, Petitioner asserts that counsel induced him into entering a guilty plea by not taking the above described actions.

Order will enter.

AND NOW, THEREFORE, THIS 12th DAY OF DECEMBER, 2005, IT IS HEREBY ORDERED THAT:

1. Petitioner's remaining exhausted claim is dismissed without prejudice.
2. The Clerk of Court is directed to close the case.
3. Based on the Court's determination herein there is no basis for the issuance of a certificate of appealability.

S/Richard P. Conaboy
United States District Judge
